IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT JACKSON,          *
    Plaintiff
                                    *

v.                       *     CIVIL ACTION NO. WDQ-12-1996
                                      *

JOHN ROWLEY, et al.,     *
    Defendants           *
                                ******

MEMORANDUM

The Court is in receipt of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983 wherein he states that in January of 2008, his television and fan were improperly confiscated by correctional Officer Nave. Plaintiff further states that in March of 2008, the Warden dismissed Plaintiff's request for administrative remedy concerning the confiscated property and subsequently the property was destroyed. ECF No. 1. Plaintiff seeks leave to proceed in forma pauperis (ECF No. 2) which shall be granted.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S.

---

[1] Plaintiff may avail himself of remedies under the Maryland Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on

319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

7/17/12
Date

William D. Quarles, Jr.
United States District Judge

---

*Parratt* in dismissing plaintiff's due process claim.